08-0200-ag
Wu v. Holder

BIA
A079-331-702

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of December, two thousand nine.

PRESENT:

ROGER J. MINER,
JOHN M. WALKER, JR.,
REENA RAGGI,
    Circuit Judges.

_____

GUO GUANG WU
        Petitioner,

        v.                                08-0200-ag
                                          NAC

ERIC H. HOLDER, JR.,[1]
        Respondent.

_____

_____

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR PETITIONER:**     Robert J. Adinolfi, New York, New York.

**FOR RESPONDENT:**     Tony West, Assistant Attorney General, Civil Division; John S. Hogan, Senior Litigation Counsel; Channah M. Farber, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Guo Guang Wu, a native and citizen of the People's Republic of China, seeks review of a December 13, 2007 order of the BIA denying his motion to reopen removal proceedings. In re Guo Guang Wu, No. A 079 331 702 (B.I.A. Dec. 13, 2007). We review the BIA's denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir. 2006). In doing so, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

In general, an alien may file only one motion to reopen and must do so within 90 days of the final administrative order of removal. 8 C.F.R. § 1003.2(c)(2). There is no such

2

time limitation, however, where the alien demonstrates the existence of material evidence of "changed circumstances arising in the country of nationality" and such evidence "was not available and could not have been discovered or presented at the previous hearing."[2]  8 C.F.R. § 1003.2(c)(3)(ii).

The 90-day limitations period for motions to reopen also may be equitably tolled to accommodate ineffective assistance of counsel claims.  To prevail on such a claim, an alien must demonstrate, <u>inter alia</u>, that the alleged ineffective assistance prejudiced the outcome of his case.  <u>Rabiu v. INS</u>, 41 F.3d 879, 882-83 (2d Cir. 1994) ("In order for [the petitioner] to show that his attorney's failure . . . caused him actual prejudice, he must make a prima facie showing that he would have been eligible for the relief and that he could have made a strong showing in support of his application."); <u>see also</u> <u>Esposito v. INS</u>, 987 F.2d 108, 111 (2d Cir. 1993) (per curiam).

Here, the BIA did not abuse its discretion in rejecting Wu's ineffective assistance of counsel claim because Wu failed to demonstrate that his counsel's allegedly ineffective

---

[2] Although Wu alleged changed country conditions in his initial motion to reopen, he does not seek review of the BIA's rejection of that claim.

assistance prejudiced the outcome of his proceedings. See Rabiu v. INS, 41 F.3d at 882-83; Esposito v. INS, 987 F.2d at 111. The Immigration Judge's decision to deny Wu's claim for asylum was premised on an adverse credibility finding and certain material inconsistencies, infirmities, and omissions in the relevant evidence. As the BIA correctly concluded, Wu has presented no evidence – apart from his own conclusory assertions – in support of his motion to reopen explaining how prior counsel's improved performance would have helped his case.

Because Wu's failure to demonstrate prejudice is dispositive of his ineffective assistance claim, see Rabiu v. INS, 41 F.3d at 882-83, we need not reach his remaining arguments.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure

4

34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____